IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRANDON EUGENE RUSTIN, #348723
    Petitioner,

v.

JOHN S. WOLFE, WARDEN, et al.
    Respondents.

\*

\*

\*

\*\*\*

CIVIL ACTION NO. RDB-13-3308

## MEMORANDUM OPINION

On November 6, 2013, the Court received for filing a 28 U.S.C. § 2254 Petition for habeas corpus relief from Brandon Rustin, an inmate housed at the Jessup Correctional Institution. Rustin complains that: (1) the Maryland post-conviction and appellate courts erred in not entering into the record "the reasons taken" for their rulings in violation of state law under Maryland Rule 4-407(a); (2) he was improperly denied a hearing as to his claim that post-conviction counsel was ineffective; (3) the state court erred in limiting instructions as to his first degree assault charge; (4) the state court violated Maryland law under Maryland Rules 4-331(b)(2) and 4-247 by using a nolle prosequi in an "irregular" manner and by limiting his assault instruction. (ECF No. 1). Petitioner's indigency motion shall be denied as moot, as the federal habeas filing fee accompanied the Petition.

This action represents Petitioner's second 28 U.S.C. § 2254 Petition with regard to his 2008 convictions. *See Rustin v. Wolfe, et al.*, Civil Action No. RDB-12-3359 (D. Md.). The previous Petition was dismissed without prejudice as unexhausted on October 2, 2013. The record in that case showed that following a jury trial, Petitioner was convicted of attempted voluntary manslaughter, first-degree assault, second-degree assault, use of a handgun in the commission of a crime of violence, and carrying a handgun. *Id.* at ECF No. 12, Ex. 1 at pgs. 4, 5 & 10; Ex. 5. The exhibits established that on January 14, 2008, Petitioner was sentenced to a cumulative 25-year term. His appeal was dismissed at his request and the Court of Special Appeals of Maryland issued a

mandate on November 3, 2008. *See Rustin v. Wolfe, et al.*, Civil Action No. RDB-12-3359 (D. Md.) at ECF No. 12, Ex. 2. Petitioner's direct appeal became final on November 18, 2008, when the 15-day time period for seeking further review expired.

Further, the record showed that on August 27, 2008, while his appeal was pending, Petitioner filed a post-conviction petition. *Id.*, Ex. 1 at pg. 15; Ex. 3. According to the documents submitted, Petitioner raised the following grounds: counsel was ineffective when he failed to argue and preserve for appellate review that an imperfect self-defense mitigates first-degree assault down to second-degree assault; the ruling in *Christian v. State*, 405 Md. 306(2008) should be given retroactive application, which mandated that Petitioner's imperfect self-defense mitigate first-degree assault to second-degree assault; and counsel was ineffective when he failed to properly request the entire first-degree assault instruction. *Id.*, Ex. 5. In addition, post-conviction counsel noted the following allegations presented in Petitioner's pro se petitions: the prosecutor gave false information to defense counsel as to medical records and permitted a victim to testify falsely; and counsel was ineffective when he failed to properly investigate the medical record. *Id.* Following a hearing, Circuit Court Judge Herman C. Dawson denied post-conviction relief on March 31, 2010. *Id.*, Exs. 3-5. Petitioner's application for leave to appeal this ruling was summarily denied by the court of Special Appeals of Maryland on December 19, 2011. The appellate mandate was issued on January 19, 2012. *Id.*, Exs. 6 &7).

On or about May 17, 2012, Petitioner filed a motion to reopen post-conviction proceedings, claiming that his trial and post-conviction counsel were ineffective. Specifically, he argued that trial counsel was ineffective for permitting the prosecutor to limit instruction on first-degree assault and post-conviction counsel was ineffective for failing to raise the claim in the post-conviction petition. *See Rustin v. Wolfe, et al.*, Civil Action No. RDB-12-3359 at ECF No. 12, Ex. 8. On September 27,

2012, Circuit Court Judge Michael P. Whalen denied the motion to reopen. *Id.,* Ex. 9. Petitioner's application for leave to appeal was denied by the Court of Special Appeals of Maryland on October 26, 2013.[1]

Affording Petitioner's self-represented allegations a generous construction, it appears that in grounds one, two, and four, he alleges violations of state law and ineffective assistance of post-conviction counsel. Violations of state law and procedure which do not infringe on specific federal constitutional protections are not cognizable under § 2254. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *Chance v. Garrison,* 537 F.2d 1212, 1215 (4th Cir. 1976) (citing *Grundler v. North Carolina,* 283 F.2d 798, 802 (4th Cir. 1960)). Petitioner's claims that various provisions of the Maryland Rules were violated, raise no more than issues of state law and are not eligible for federal habeas review. Likewise, infirmities in state post-conviction relief proceedings cannot serve as the basis for federal habeas relief. *See Bryant v. Maryland,* 848 F.2d 492 (4th Cir. 1988).

The instant Petition shall be dismissed in part and Respondents shall be granted additional time to discuss why Petitioner's third claim, going to trial court error regarding his first degree assault instructions, should not be dismissed as time-barred or procedurally defaulted. A separate Order follows.

Date: November 27, 2013.

_/s/ RICHARD D. BENNETT_
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] The denial of the application for leave to appeal the denial of the motion to reopen post-conviction relief was confirmed by Court personnel on November 13, 2013.