IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRANDON EUGENE RUSTIN, #348723 | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. RDB-13-3313 |
| WARDEN JOHN S. WOLFE, *et al.*, | * | |
| Respondents. | | |

\*\*\*\*\*

**MEMORANDUM OPINION**

Petitioner Brandon Eugene Rustin (hereinafter referred to as "Rustin") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, attacking the constitutionality of his 2008 convictions in the Circuit Court for Prince George's County. ECF No. 1. On November 27, 2013, the first, second and fourth grounds raised in Rustin's Petition were dismissed and Respondents were directed to respond to his third ground relating to trial court error. ECF Nos. 3 & 4. This matter has been fully briefed. Upon review, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (Petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For reasons that follow, Rustin's Petition of habeas corpus IS DENIED AND DISMISSED WITH PREJUDICE.

**Background and Procedural History**

Rustin's trial was held before Prince George's County Circuit Court Judge Graydon S. McKee, III. Testimony at trial established that on October 8, 2006, Jayah Lamin first drove to the Ft. Washington, Maryland home of Sharon Jones, his on-again, off-again girlfriend, to confront her about the status of their relationship. He ascertained that Jones was with Rustin, an ex-boyfriend, and drove to Rustin's apartment complex in Laurel, Maryland. ECF No. 10, Ex. 3

at pp. 114-124. Once he arrived, Lamin made his presence known, but neither Jones nor Rustin answered his calls or came out to speak to him. ECF No. 10, Ex. 3 at pp. 120-48. Lamin was not certain Jones was there, got back into his car, and began to drive away until he noticed Jones's car parked nearby. *Id*. Lamin then parked his car near Jones's automobile and started walking back to Rustin's apartment. *Id*. At this point, Lamin observed someone he presumed was Rustin sitting in a truck. *Id*. Rustin told Lamin to leave the premises. *Id*.

As Lamin continued walking toward Rustin's apartment building, Rustin parked his truck and exited the vehicle. *Id*. Rustin continued on into his apartment, while Lamin spoke with Jones on the phone. *Id*. During this phone conversation, Jones asked Lamin to leave the premises. *Id*. However, after that phone conversation ended, Lamin went to a building across the street from Rustin's building and sat on the front steps. *Id*. Some time later, Rustin emerged from his building and sat on his front steps across from Lamin. *Id*. After a period of time passed, Rustin walked over to within eight feet of where Lamin was sitting and pulled out a gun. *Id*.; Ex. 3. Tr. at 137-156. Rustin then moved within two feet of Lamin and fired one shot into the ground. *Id*. At this time, Lamin, who was speaking to Jones's mother on his cell phone, tried to knock the gun away from Rustin, but fell in the process. *Id*. Rustin continued firing the gun at him, and Lamin was struck multiple times by bullets, including in his back. *Id.*; *see also Id.,* Ex. 2, Tr. at 110-153.

Rustin testified at trial and claimed that it was Lamin who pulled out a gun during their encounter. *Id*., Ex. 4, Tr. at 157-171. According to Rustin, Lamin was shot when Rustin attempted to obtain control of the gun. *Id*.

Based on the evidence adduced at trial, a jury sitting in the Circuit Court for Prince George's County acquitted Rustin of attempted first- and second-degree murder, but convicted

him of attempted voluntary manslaughter, first-degree assault, second-degree assault, use of a handgun in the commission of a crime of violence, and carrying a handgun. ECF No. 10, Ex. 1 at pgs. 10-11; Ex. 5, Tr. at 7-10. On January 14, 2008, Judge McKee sentenced Rustin to a twenty-five year term. *Id*., Ex. 1 at p. 13; Ex. 7. at p. 1

Rustin filed a direct appeal to the Court of Special Appeals of Maryland. The appeal was dismissed at request of his counsel on October 30, 2008. *Id*., Ex. 6. The intermediate appellate court's mandate issued on November 3, 2008, and Rustin's judgment became final for direct appeal purposes on November 18, 2008, when the time for seeking further review expired. *See* Md. Rule 8-302 (requiring petition for a writ of certiorari to be filed in the Court of Appeals of Maryland no later than 15 days after the Court of Special Appeals issues its mandate).

Rustin filed several petitions for post-conviction relief in the Circuit Court. *Id*., Ex. 1 at p. 15. Rustin pursued the following claims contained in his May, July, and October 2009 petitions at his post-conviction hearing: (A) the Court of Appeals' decision in *Christian v. State*, 405 Md. 306 (2008), which held that an imperfect self-defense could mitigate first-degree assault, should be given retroactive application; (B) trial counsel was ineffective for failing to: (1) argue that an imperfect self-defense can mitigate first-degree assault down to second-degree assault, (2) request the entire first-degree assault instruction, and (3) adequately investigate and handle medical evidence effectively;[1] and (C) prosecutorial misconduct in that Assistant State's Attorney Anika Harvey gave false information to defense counsel regarding medical records and

---

[1] Rustin raised several other Sixth Amendment claims going to counsel's failure to (1) request the entire first-degree assault instruction; (2) subpoena Dr. Adamski as a witness; (3) adequately investigate and handle medical evidence effectively; (4) call Dr. Reese as a witness regarding "stippling;" (5) call Detective Winstead as a witness; (6) impeach the victim's testimony with prior inconsistent statements; (6) conceal the State's misconduct to intimidate Rustin into taking a guilty plea; (7) object to false information used by the State; (8) subpoena cell phone records; and (9) file a motion for new trial. ECF No. 10, Ex. 15.

permitted the victim to testify falsely. ECF No. 10, Exs. 7-9, & 15, Tr. at 10-53. A hearing on Rustin's petition was held on December 29, 2009. *Id.*, Ex. 15. On April 5, 2010, the Circuit Court denied post-conviction relief. *Id.*, Ex. 9. Rustin's application for leave to appeal the ruling was denied summarily by the Court of Special Appeals on December 19, 2011, with the court's mandate issuing on January 19, 2012. *Id.*, Exs. 10 & 11.

In May of 2012, Rustin filed a motion to reopen his previously closed post-conviction proceedings. *Id.*, Ex. 12. In that motion, as supplemented, Rustin asserted that trial counsel and post-conviction counsel were generally ineffective.[2] *Id.* On September 27, 2012, Circuit Court Judge Michael P. Whalen denied the motion to reopen. *Id.*, Ex. 13. Rustin then filed an application for leave to appeal the ruling, which was denied by the Court of Special Appeals of Maryland. *Id.*, Ex. 14.

As previously noted, Rustin's prior federal habeas corpus petition was dismissed on October 2, 2013, without prejudice on non-exhaustion grounds. *See Rustin v. Wolfe, et al.*, Civil Action No. RDB-12-3359. (D. Md.). The sole ground left for Court consideration here is Rustin's third ground, namely whether the trial court erred in limiting instructions as to his first-degree assault charge. ECF No. 1 at p. 5.

## Preliminary Matters

Exhaustion of State Remedies

Respondents do not contend that the ground presented is unexhausted.

---

[2] Rustin specifically asserted that trial counsel George Harper was ineffective for allowing the prosecutor to limit the instruction on first-degree assault, and that post-conviction counsel was ineffective for failing to raise this claim in his prior post-conviction proceeding. ECF No. 10, Ex. 12.

Statute of Limitations

Respondents do not contend – and the court does not find – that the petition is time-barred pursuant to 28 U.S.C. § 2244(d).

Procedural Default

Respondents state the remaining trial court error claim fails to set out a federal claim. They also make an ancillary claim that the ground presented may be procedurally defaulted as it was not raised on direct appeal or state post-conviction review as a trial court error claim, but was raised as a substantially different ground (ineffective assistance of counsel) on state post-conviction review.

The procedural default doctrine bars consideration of a claim in a petition for habeas corpus absent a showing of cause and prejudice or actual innocence. *See Murray*, 477 U.S. at 495; *Wainwright v. Sykes*, 433 U.S. 72, 86 (1977). Even where a petitioner fails to show cause and prejudice for a procedural default a court must still consider whether it should reach the merits of the petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U. S.298, 314 (1995); *Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009). The miscarriage of justice standard is directly linked to innocence. *Schlup*, 513 U.S. at 320. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id*. at 315. The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U. S. at 496.

Rustin filed five post-conviction petitions and a motion to reopen his post-conviction petition. He was afforded the opportunity to respond to Respondents' Answer here. His protestations to the contrary, he does not and cannot show that his precise trial court error

5

ground was argued in those petitions. It is procedurally defaulted and the Court finds no reason to excuse the default.

**Analysis**

Rustin claims that the trial court erred when it limited the first-degree assault instructions. Even were this claim not procedurally defaulted, it is correctly observed that the ground raises no federal claim and is therefore not a basis for habeas corpus relief. The federal habeas statute "unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' " *Wilson v. Corcoran,* 562 U.S. 1, 131 S.Ct. 13 (2010) (quoting 28 U.S.C. § 2254(a)). It is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." 502 U.S., at 67–68, 112 S.Ct. 475.[3]

---

[3] In his Traverse, Rustin seemingly would have this Court review trial testimony, as well as correspondence from his defense counsel. ECF No. 13, pgs. 10-23. The object of this Court's habeas review, however, is to review the reasonableness of the state court judgment under Supreme Court law, not to conduct a de novo review of the facts submitted at trial. Rustin additionally appears to contend that his claim is premised on federal grounds by citing to the Fifth and Fourteenth Amendment. *Id.*, pgs. 25-26. He further references the cases of *Dixon v. State*, 364 Md. 209, 772 A.2d 283 (2001) and *Hagans v. State*, 316 Md. 429, 559 A.2d 792 (1989), on the premise that the limited instruction was improper and violative of the prohibition against double jeopardy.

Further, even were the claim properly before the Court, which it is not, the defense was satisfied with the first-degree assault instructions issued by the trial court. ECF No. 10, Ex. 4, Tr. at 235. As noted by defense counsel George Harper, the instruction submitted by the State restricted the first-degree assault instruction so the assault "had to be committed through the use of a gun," and he did not see "reason to object to the State restricting the avenues thorough which my client could be convicted." *Id*., Ex. 15, Tr. at 88. Indeed, the instruction issued by the trial court was fully supported by the evidence that the assault was committed by the use of a handgun.

## Conclusion

In light of the rulings of the Court, the instant Petition for habeas corpus relief will be denied, and this case will be dismissed by separate Order. When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38, (2003). Rustin does not satisfy this standard, and the Court declines to issue a Certificate of Appealability.

Date: October 24, 2014                                         /s/
                                          RICHARD D. BENNETT
                                          UNITED STATES DISTRICT JUDGE